IN THE UNITED STATES DISTRICT COURT
OF WESTERN WASHINGTON-TACOMA

MARGARET DUFRESNE,                          )   No.
                                            )
                     Plaintiffs,            )
                                            )   COMPLAINT FOR DAMAGES
          vs.                               )
                                            )
CITY OF BAINBRIDGE ISLAND, a city           )
located in Kitsap County in Washington State, )
                                            )
                     Defendant.             )
                                            )
                                            )
                                            )
                                            )
_____)

        Now Comes MARGARET DUFRESNE, by and through her attorney of record, Frank S.

Homsher of the Law Office of Frank S. Homsher, and alleges:

                        **I.      PARTIES**

        1.      MARGARET DUFRESNE is a resident of the City of Bainbridge Island, located in

Kitsap County in Washington State.

        2.      CITY OF BAINBRIDGE ISLAND is a city located in Kitsap County in Washington

State.

                **II.      JURISDICTION AND VENUE**

Complaint for Damages - Page 1 of 8

3.     Venue and Jurisdiction are proper in the Federal District Court of Western Washington for Tacoma based on where parties are located, federal question jurisdiction 28 U.S. Code § 1331, and because the amount in controversy is greater than $75,000.00.

### III.   STATEMENT OF FACTS

4.     This is a unique case in that the CITY OF BAINBRIDGE ISLAND Planning and Community Development Department perpetrated two instances of "class of one" due process violations against MARGARET DUFRESNE over a 5-year period.  The unnecessary delays caused by these two instances in which MARGARET DUFRESNE received substantially different treatment than other similarly situated applicants, deprived her of her right to build her property for long periods of time, which ultimately led to the harm that she fully realized when she completed the building project.

5.     This mind-bending saga pertains to the property located at 11143 ROLLING BAY WALK NE BAINBRIDGE ISLAND WA 98110 with a legal description of: SEC 14, TWP 25, RNG 2E (NE/4).

6.     MARGARET purchased the 11143 ROLLING BAY WALK property in 2010.

7.     At the time, MARGARET was retired.  She, however, worked as a building inspector for many years in California before she worked 3 years as an inspector at BAINBRIDGE ISLAND Planning and Community Development.

8.     Before MARGARET purchased the 11143 ROLLING BAY WALK property, which had been the site of a horrific landslide that killed a previous owner and their family, she made sure that the Owner had taken all steps were taken to install a catchment wall which would prevent future landslides.  In addition to installing the catchment wall, the previous owner had also obtained approval to build on the Property.   MARGARET confirmed with a building inspector that

Complaint for Damages - Page 2 of 8

**Law Office of Frank S. Homsher**
510 Bell Street
Edmonds, WA 98020
(425) 320-9628
**E: Frank@homsherlawgroup.com**

MARGARET would be vested to build if she purchased the 11143 ROLLING BAY WALK property. Based on what she knew as an experienced building instructor and based assurances from a current building inspector, MARGARET purchased the 11143 ROLLING BAY WALK property on November 10, 2010.

9.      At her preplanning meeting on July 10, 2015, she ran into an unexpected roadblock: the ignorance of an inexperienced employee of the BAINBRIDGE ISLAND Planning and Community Development Department ("PLANNING DEPARTMENT") and of a city attorney. They did not know the code, but they were confident in their decision that BAINBRIDGE ISLAND would not allow MARGARET to build on her property without first obtaining a variance. They claimed that MARGARET could not build because a new ordinance prevented anyone from building on the face of a bluff because it was too dangerous and that, in order to do so, she had to apply for a shoreline variance permit.

10.      MARGARET calmly informed them that BAINBRIDGE ISLAND had already vested her property for building due to the careful and efficient actions of the prior owner; her protestations fell on deaf ears. MARGARET could not understand how a property that had already been safeguarded from future landslides through the installation of a catchment wall by a GeoTech Company, had been approved for building based on a GeoTech report and had already been granted permission to apply for a building permit, could suddenly need to submit a request for a shoreline variance. The previous owner had met all city requirements to secure the bluff and safeguard any houses built below that section of the bluff. He had already received permission to submit a permit for building after he completed the extensive safeguards.

11.      The ignorance of the city attorney and the employee of the planning department set-off a series of misfortunes. As an initial matter, there was a code section, which the city attorney

Complaint for Damages - Page 3 of 8

Law Office of Frank S. Homsher
510 Bell Street
Edmonds, WA 98020
(425) 320-9628
E: Frank@homsherlawgroup.com

and planning and community development employee should have applied to MARGARET's case. They did not.  This provision allows for building along a bluff if a GeoTech report provides an evaluation that assures that sufficient steps have been sufficiently taken to safeguard structures being built below the bluff through geotechnical reinforcement of the bluff.

12.     This matter never had to get any further than the initial preplanning meeting.  Instead, the ignorance of the aforementioned City of Bainbridge Island attorney and employees caused MARGARET's building project to be delayed for 2.5 years.

13.     Neither MARGARET's lawyer nor the Hearing Examiner knew about or applied this determinant code provision, which resulted in MARGARET losing her appeal and being required to apply for a shoreline variance.  MARGARET made a mistake relying on her attorney.  After it was all over, MARGARET found the code section which provided for an exception based on Geotech report affirming that it was safe to build under the reinforced bluff.

14.     The ignorance of the city's attorney and the other employee of the planning and community development department caused huge delays in MARGARET's construction project: six months when they initially told that she could not build; an additional one year to present the code interpretation to the hearing examiner; and more than an additional year to get a ruling on her application for a shoreline variance.  They further cost MARGARET a great deal of money in the form of attorney's fees.

15.     MARGARET applied for the variance.  The statute governing variances state that the City is required to complete the variance process within 120 days of the time the Application for a variance is submitted.  This did not happen.  It took MARGARET a year to obtain a hearing date.

16.     After over a year, the Hearing Examiner granted MARGARET's petition for a variance.  Disturbingly, during the hearing, the city engineer admitted that the catchment walls and

Complaint for Damages - Page 4 of 8

the prior work done by the GeoTech engineers had ensured that building on MARGARET's property was safe.  The remainder of the Hearing Examiner's ruling stated what MARGARET and any professional working at her project would know: that they were subject to the environmental safety and construction procedures delineated in the building code, shoreline ordinance and the comprehensive plan.  After a year of paperwork, a public hearing and a hearing, MARGARET landed where she should have been from the start: she had the right to request building permits from Bainbridge Island.

17.     To date, MARGARET has not found any evidence that another property owner on BAINBRIDGE ISLAND had been treated in the way she was treated by the PLANNING DEPARTMENT when having a vested right to build on one's property.

18.     The PLANNING DEPARTMENT did not stop its harmful ways toward MARGARET's Rolling Bay Walk building project.

19.     In early 2018, MARGARET applied for a revision regarding the position of her home due to the discovery of a concrete wall buried deep below the surface, which meant that the steel piles supporting the home could not be placed in the location called for by the approved plan.  The approved revision, issued on June 1, 2018, allowed MARGARET to move the house back two feet up the hill.  Consequently, the grading on the bulkhead side of the driveway was raised fifteen inches.

20.     The plan required that the driveway have a two percent grade for safety purposes. The original building plan required a minimum height of two inches at the bulkhead.  The original plan did not contain a maximum height for the driveway at the bulkhead.

21.     Since the grade of the entire property had been raised, it made sense that the grade at the bulkhead had to be raised.  Since there was no maximum height and the engineers were ready to ensure that the driveway had a two-percent grade, MARGARET rightly understood that the grade

Complaint for Damages - Page 5 of 8

change did not impact the project and did not require any application to the PLANNING DEPARTMENT.

22.     Confounding reason and the building plan, the PLANNING DEPARTMENT required Margaret to apply for a revision to her variance.  To the best of her knowledge, this was the first and only time that BAINBRIDGE ISLAND resident had to apply for a revision on a variance.

23.     In order to reach this confounding conclusion, PLANNING DEPARTMENT had to ignore the content of the approved plan.   It is disturbing that the PLANNING DEPARTMENT did not mention the upper part of the driveway; they only mentioned the lower part.

24.     The PLANNING DEPARTMENT placed a stop order on MARGARET's construction project.

25.     It is obvious from these two incidents, described above, that the PLANNING DEPARTMENT did not treat MARGARET fairly and did not treat her like other property owners.

26.     Twenty-Eight days after MARGARET filed her application for revision, since the PLANNING DEPARTMENT did not object, MARGARET's revision was deemed approved and the PLANNING DEPARTMENT had one hundred and twenty days to complete the process.

27.     Bizarrely, the PLANNING DEPARTMENT did not inform MARGARET that she had filled-out the wrong form and given incomplete information until the middle of NOVEMBER 2019.  Even after they started MARGARET's revision clock late, the PLANNING DEPARTMENT missed the 120-Day deadline by many months.

28.     It took the PLANNING DEPARTMENT until August 18, 2020 to approve MARGARET's revision which she did not need because she had not deviated from the plans when raising the level of her driveway.

Complaint for Damages - Page 6 of 8

29.     The PLANNING DEPARTMENT treated MARGARET unfairly and disparately on two occasions regarding the development of her home at 11143 ROLLING BAY WALK property. Their negligence, and possibly, purposeful malfeasance greatly harmed MARGARET by causing her to accrue unnecessary legal fees, pay more for building materials and to suffer emotional damages.

30.     The PLANNING DEPARTMENT's bizarre actions also fanned the flames of neighborhood dissent against MARGARET's construction project, which resulted in the perpetual harassment of MARGARET DURFRESNE both during and after she completed her construction project.  This perpetual harassment caused MARGARET to suffer depression and panic attacks.

### IV.     CAUSES OF ACTION

FIRST CAUSE OF ACTION
VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENMDENT – CLASS OF ONE

31.     Paragraphs 1 – 30 are herein incorporated by reference.

32.     The Equal Protection Clause ensures that `all persons similarly situated should be treated alike.

33.     As delineated above, the PLANNING DEPARTMENT treated MARGARET DUFRESNE in a way that constitute arbitrary, irrational, or malicious actions.

34.     The PLANNING DEPARTMENT's arbitrary, irrational or malicious actions proximately harmed MARGARET DUFRESNE in an amount that will be proven at trial.

SECOND CAUSE OF ACTION
NEGLIGENCE

35.     Paragraphs 1 – 34 are herein incorporated by reference.

36.     PLANNING DEPARTMENT employees had a duty to act as reasonably competent employees who are knowledgeable about the code and laws.

Complaint for Damages - Page 7 of 8

**Law Office of Frank S. Homsher**
510 Bell Street
Edmonds, WA 98020
(425) 320-9628
**E: Frank@homsherlawgroup.com**

37.     The PLANNING DEPARTMENT employees breached this duty by providing ignorant, incompetent guidance and failing to account for MARGARET's vested rights to build on her Rolling Bay Walk property and failing to properly read an approved building plan.

38.     The PLANNING DEPARTMENT's breach of its duties proximately caused MARGARET to suffer damages in an amount that will be proven at trial.

THIRD CAUSE OF ACTION
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39.     Paragraphs 1 – 38 are herein incorporated by reference.

40.     MARGARET DUFRESNE relies herein on the facts asserted in her negligent claim regarding the elements: duty, breach, causation and damages.

41.     MARGARET's  emotional distress is subject to susceptible to medical diagnosis and proved through medical evidence.

42.     MARGARET is entitled to negligent infliction of emotional distress damages in an amount that will be proven at trial.

**V.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MARGARET DUFRESNE requests the following relief;

1.  An award of money damages from the CITY of BAINBRIDGE ISLAND;

2.  An award of pre-judgment and post-judgment interest of 12% or the highest amount permitted by Statute;

3.  An award of attorney's fees and costs to MARGARET, applying the Lodestar method; and

4.  Any other relief the Court deems equitable, appropriate or just.

Dated this 1st day of April, 2022


/s/ Frank S. Homsher_____
Frank S. Homsher, WSBA #26935
Attorney for Plaintiff MARGARET DUFRESNE

Complaint for Damages - Page 8 of 8