1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT TACOMA

8   MARGARET DUFRESNE,                        CASE NO. 3:22-cv-05207-BHS

                           Plaintiff,         ORDER
9        v.

10  CITY OF BAINBRIDGE ISLAND,

11                         Defendant.

12

13          THIS MATTER is before the Court on the City of Bainbridge Island's Motion for

14   Summary Judgment, Dkt. 9. Plaintiff Margaret Dufresne has not responded to the motion.

15          Bainbridge Island asserts that this case represents Dufresne's fourth attempt to

16   litigate the issues surrounding her efforts to obtain building permits for a waterfront home

17   on Bainbridge Island. In 1997, a former home on the property was destroyed in a

18   landslide, and the family of four in the home was killed. Dkt. 9 at 2.

19          Dufresne bought the lot in 2010, and began seeking the required permits and

20   variances to develop the "marine bluff" despite Code restrictions on development of such

21   properties. In 2015, the Bainbridge Island Planning Director confirmed that Dufresne

22   would need a shoreline variance to develop the property. Dufresne appealed that decision

1  to a Hearing Examiner, arguing that her rights were vested in 2004, when the prior owner

2  sought a variance and building permit. The Hearing Examiner did not resolve that claim

3  but confirmed that the property was on a marine bluff and any development of it required

4  a shoreline variance. *Id*. at 5.

5      Dufresne did not apply for such a variance but, in April 2016, she instead

6  commenced a Land Use Petition Act (LUPA) appeal in Kitsap County Superior Court.

7  She again disputed that her property was a marine bluff. *Id*. The Superior Court disagreed

8  and ruled that Dufresne's rights were not vested. *Id*. (citing Dkt. 10-5). Dufresne did not

9  appeal.

10     Dufresne filed a new complaint in Superior Court, seeking money damages. Dkt. 9

11  at 5 (citing Dkt. 10-6). Dufresne ultimately agreed to the dismissal of that claim with

12  prejudice, because a damage claim based on LUPA requires the plaintiff to prevail on her

13  underlying LUPA claim, which Dufresne did not. Dkt. 9 at 6 (citing Dkt. 10-7).

14     Dufresne then applied for a variance and the required permits, which were granted.

15  *Id*. (citing Dkt. 10-10). Nevertheless, in December 2018, Dufresne filed a tort claim

16  notice with Bainbridge Island, seeking compensation for the emotional distress, and loss

17  of time and money she had suffered since 2009. Dkt. 9 at 6 (citing Dkt. 10-8). Bainbridge

18  Island denied Dufresne's tort claim in January 2019, and Dufresne did not file suit.

19     In the meantime, during construction, Dufresne ran into an issue that required her

20  to move and raise her driveway. Her revision was finally approved in August 2020. Dkt.

21  9 at 9 (citing Complaint, Dkt. 1). Dufresne sued Bainbridge Island in this Court in April

22

1    2022. She asserts a § 1983 equal protection claim, and state law negligence claims. Dkt.

2    1.

3           Bainbridge Island seeks summary judgment, arguing that Dufresne's claims are

4    facially time-barred, because the events upon which they are based all occurred more

5    than three years ago. Dkt. 9 at 10–11. It also argues that Dufresne already litigated and

6    lost her claim that Bainbridge Island erroneously required her to apply for a shoreline

7    variance. It argues her claims are collaterally estopped by her stipulated dismissal with

8    prejudice of her prior state court action alleging similar claims based on identical facts.

9    *Id*. at 12–14. Bainbridge Island also argues that Dufresne's claims are barred by LUPA

10   and the public duty doctrine.

11          Dufresne's response to the motion was due no later than November 28, 2022, and

12   she has not filed a response or anything else. The issues are discussed in turn.

13          Summary judgment is proper if the pleadings, the discovery and disclosure

14   materials on file, and any affidavits show that there is "no genuine dispute as to any

15   material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

16   P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence

17   in the light most favorable to the nonmoving party and draw all reasonable inferences in

18   that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986);

19   *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact

20   exists where there is sufficient evidence for a reasonable factfinder to find for the

21   nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence

22   presents a sufficient disagreement to require submission to a jury or whether it is so one-

1    sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party

2    bears the initial burden of showing that there is no evidence which supports an element

3    essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4    Once the movant has met this burden, the nonmoving party then must show that there is a

5    genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to

6    establish the existence of a genuine issue of material fact, "the moving party is entitled to

7    judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that

8    the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife*

9    *Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-

10   movant must then produce concrete evidence, without merely relying on allegations in

11   the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

12        As Bainbridge Island points out in its Reply, Dkt. 16, in order to defeat summary

13   judgment, a party must set forth specific facts showing a genuine issue of material fact.

14   *Id*. at 1 (citing *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Grp., Inc*., 114 Wn.

15   App. 151, 157 (2002)).

16        42 U.S.C. §1983 contains no specific statutory limitations period and federal

17   courts instead "borrow" §1983 limitations periods from analogous state law. Specifically,

18   they borrow the state's "general or residual statute for personal injury actions." *Owens v.*

19   *Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which

20   provides a three-year limitations period. *Bagley v. CMC Realty Corp*., 923 F.2d 758, 760

21   (9th Cir. 1991). Therefore, in this District, the limitations period for a §1983 claim is

22   three years.

1    Dufresne's constitutional and negligence claims are based on events dating to

2    2009, and specifically are based on Bainbridge Island's July 10, 2015, determination that

3    she was required to apply for a shoreline variance. Dkt. 1 at 3. That event predates this

4    action by seven years. The claim is facially time-barred and Bainbridge Island's summary

5    judgment motion on this basis is GRANTED.

6    Res judicata, also known as claim preclusion, bars litigation in a subsequent action

7    of any claims that were raised or could have been raised in the prior action. *Owens v.*

8    *Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is

9    applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits,

10   and (3) identity or privity between parties. *Id.*

11   Collateral estoppel, or issue preclusion, bars the re-litigation of issues actually

12   adjudicated in previous litigation between the same parties. *Clark v. Bear Stearns & Co*.,

13   966 F.2d 1318, 1320 (9th Cir. 1992). Collateral estoppel applies when the following

14   factors are satisfied:

15   (1) the issue at stake must be identical to the one alleged in the prior
     litigation; (2) the issue must have been actually litigated in the prior
16   litigation; and (3) the determination of the issue in the prior litigation must
     have been a critical and necessary part of the judgment in the earlier action.
17
     *Id.* The party against whom collateral estoppel is asserted must have also had a full and
18
     fair opportunity to litigate the issue in the prior proceeding. *See Maciel v. Comm'r of*
19
     *Internal Revenue*, 489 F.3d 1018, 1023 (9th Cir. 2007).
20
21   The issue in this case—whether Dufresne's proposed development required a

22   shoreline variance due to the property's location on a marine bluff—has been

1    conclusively determined against Dufresne. Dufresne not only had ample opportunity to

2    litigate that issue, she vigorously litigated it. She lost, and did not appeal, her LUPA

3    action, and she stipulated to the dismissal with prejudice of her subsequent damages

4    claim based on it. For these reasons, Defendant Bainbridge Island's Motion for Summary

5    Judgment is GRANTED, and Plaintiff Dufresne's claims against it are DISMISSED with

6    prejudice. The Court need not address Bainbridge Island's remaining arguments.

7      The Clerk shall enter a JUDGMENT and close the case.

8      IT IS SO ORDERED.

9      Dated this 22nd day of December, 2022.

10

11

12            BENJAMIN H. SETTLE
             United States District Judge

ORDER - 6